AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Texas

United States Courts
Southern District of Texas
FILED
October 29, 2026
Nathan Ochsner, Clerk of Court

United States of America
v.
Jose Diaz-Vasquez

*Defendant(s)*

Case No. **4:26-mj-697**

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of October 26, 2026 in the county of Harris in the Southern District of Texas, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 8 U.S.C. § 1326 (a) and (b) | a native and citizen of Honduras, and an alien who had been previously deported from the United States, subsequent to having been convicted of a crime defined as a felony, was found unlawfully in the United States, the said defendant having not obtained the consent before March 2003 from the Attorney General of the United States to reapply for admission into the United States; and without having obtained corresponding consent after February 2003 from the Secretary of Homeland Security pursuant to 6 U.S.C. §§ 202 (3) and (4) and 6 U.S.C. § 557, |

This criminal complaint is based on these facts:

See Attached Affidavit in support of the Criminal Complaint

☑ Continued on the attached sheet.

*Complainant's signature*

Adam Khalil, ICE Deportation Officer

*Printed name and title*

Sworn to me telephonically.

Date: 10/29/2026

*Judge's signature*

City and state: Houston, Texas

Hon. Yvonne Ho, United States Magistrate Judge

*Printed name and title*

**4:26-mj-697**

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Adam Khalil, being duly sworn by telephone, hereby depose and say:

(1) I am currently serving as a Deportation Officer with Immigration and Customs Enforcement (ICE), a position I have held since April 15, 2018. I possess over eight years of experience in immigration law enforcement.

(2) On or about October 26, 2026, ICE became aware of the unlawful presence of Jose Diaz-Vasquez, hereinafter "Defendant," following a vehicle stop in Harris County, Texas, conducted by ERO officers. On the same date, Defendant was brought into ICE custody at the Montgomery Processing Center in Conroe, TX.

(3) On October 28, 2026, ICE identified the Defendant as being amenable to prosecution for violation of 8 U.S.C. § 1326(a) and (b).

(4) The Defendant's fingerprints have been taken and electronically submitted to various law enforcement databases. According to the Integrated Automated Fingerprint Identification System (IAFIS), the Defendant is the same individual as the person referred to in this Affidavit as having been previously deported and convicted.

(5) Based upon the information from ICE's records as described below, and my training and experience, I submit that there is probable cause to believe that the Defendant is in violation of 8 U.S.C. § 1326(a) and (b).

(6) Element One: The Defendant is a citizen and national of Honduras and not a native, citizen or national of the United States.

(7) Element Two: The Defendant has previously been deported or removed from the United States on the following occasion(s):

1. Removed on 01/07/2021, from Hidalgo, TX to Mexico
2. Removed on 06/10/2020, from San Antonio, TX to Honduras

(8) Element Three: After deportation, the Defendant was subsequently found in the United States on or about October 26, 2026 in Harris County, Texas which is within the Houston Division of the Southern District of Texas. Additionally, I conducted a system query in the Alien Criminal Response Information Management System (ACRIMEe), to determine whether, in the past five years and after the Defendant's last deportation, the Defendant had been encountered by law enforcement prior to the date specified earlier in this paragraph. On October 28, 2026, ACRIMe returned negative results.

(9) Element Four: The Defendant did not have permission to re-enter the United States. On October 28, 2026, I reviewed the contents of the Alien File associated with this Defendant and/or available database information. I found no indication that the Defendant has ever received permission from the Attorney General of the United States, or the Secretary of the Department of Homeland Security, to apply for admission to the United States following deportation from the United States.

(10) Prior criminal history:

a. On January 6, 2021, the Defendant was convicted in the United States District Court, Southern District of Texas, McAllen Division, for the offense of BEING FOUND IN THE U.S. AFTER PREVIOUS DEPORTATION under case number: 7:20cr01487-001. For this offense, a felony, the Defendant was sentenced to 126 days confinement.
b. On May 20, 2020, the Defendant was convicted in the 263rd District Court, Harris County, Texas, for the offense of ASSAULT-FAMILY MEMBER under case number: 1659452. For this offense, a misdemeanor, the Defendant was sentenced to 134 days confinement.
c. On May 20, 2020, the Defendant's case was dismissed in the 263rd District Court, Harris County, Texas, for the offense of INJURY TO CHILD UNDER 15 WITH BODILY INJURY under case number: 1659451.

On October 29, 2026, I contacted the U.S. Attorney's Office, Southern District of Texas, Houston Division, concerning this criminal complaint. On or about that day, U.S. Attorney's Office accepted this case for prosecution for a violation of 8 U.S.C. § 1326(a) and (b).

Adam Khalil
Deportation Officer
United States Department of Homeland Security
U.S. Immigration & Customs Enforcement

Signed and sworn telephonically before me this 29th day of October 2026, and I find probable cause.

Hon. Yvonne Y. Ho
United States Magistrate Judge
Southern District of Texas